## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN D. LISLE, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 17-cv-1488-MMM |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW OF AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging violations of Due

Process, the Eighth Amendment, the Americans with Disabilities Act ("ADA") and the

Rehabilitation Act, at the Pontiac Correctional Center ("Pontiac").  The case is before the Court

for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court

accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v.*

*Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are

insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal

quotation marks omitted).  While the pleading standard does not require "detailed factual

allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

Plaintiff, a schizophrenic and seriously mentally ill (SMI) inmate, files a three count

amended complaint.  In Count I, he asserts ADA and Rehabilitation Act claims against

Defendants Baldwin, Navarro, Hinton, Horn, Thomas, Marano, McCormick, Molmero, Benner,

Haage, Renzi, Melvin, Kennedy, Ruskin, Nelson, Moss, John and Jane Does and Wexford.[1,2]

Plaintiff asserts that he suffers from hallucinations and takes several psychotropic medications. He claims that Defendants have acted discriminatorily by placing him in disciplinary segregation for extended periods, refusing to expunge 300 and 400 level disciplinary tickets from his disciplinary history, refusing to establish an SMI Committee, refusing to establish a post segregation treatment team, refusing to shorten his segregation time, placing him on suicide watch in a segregation setting, and refusing to transfer him to a mental health facility.

Plaintiff's ADA claim is reviewed under Title II of the ADA which applies to state prisoners. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998). The ADA prohibits a public entity from excluding qualified individuals with disabilities from participating in, or benefiting from, the entity's services, programs or activities. 42 U.S.C. § 12132 ; *Tenessee v. Lane*, 541 U.S. 509 (2004). The term "public entity" includes "any department, agency, special purpose district or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). The Rehabilitation Act, similarly prohibits discrimination against qualified individuals with a disability. It is not directed to public entities but, rather, applies to any "program or activity receiving Federal financial assistance." *Ruffin v. Rockford Mem'l Hosp.*, 181 Fed. Appx. 582, 585 (7th Cir. 2006)(internal citations omitted).

While the ADA applies to public entities and the Rehabilitation Act to federally funded programs or activities, neither applies to individuals. "As a general rule, there is no personal liability under Title II of the ADA or the Rehabilitation Act. The only proper defendant in a claim under the ADA and/or Rehabilitation Act is the state agency (or a state official acting in

---

[1] Plaintiff named Defendants Fews and Blank in his amended complaint and asserted allegations only against Defendant Fews. Plaintiff subsequently filed a Motion to Dismiss Defendants Fews and Blank [ECF 29], which is granted in this order.

[2] Defendant Sheila Molinero was incorrectly listed in the case caption as "Sheila Molmero."

his or her official capacity); employees of the DOC are not amendable to suit under either Act."
*Hogle v. Baldwin*, No. 17-01059, 2017 WL 4125258, at \*4 (C.D. Ill. Sept. 18, 2017).

In this case, the only Defendant with potential liability under the ADA or Rehabilitation
Act is Defendant Baldwin.  However, the relief available under the ADA and Rehabilitation Act
is coextensive. *Wilkerson v. Hammond*, No. 13-815, 2013 WL 5950820, at \*5–6 (S.D. Ill. Nov.
7, 2013).  "As applied to this lawsuit, the statutory analysis is the same under the ADA and the
Rehabilitation Act… Because Plaintiff can have 'but one recovery,' the Court may dispense with
the ADA claim and allow Plaintiff to proceed with the Rehabilitation Act claim instead." *Id.* at
\*5–6. *See Jaros v. Ill. Dep't of Corr., 684 F.3d 667, 672 (7th Cir. 2012)* (dismissing ADA claim
over Rehabilitation Act claim).  *See also, Wagoner v. Indiana Dept. of Correction*, No. 05-438,
2013 WL 11842011, at \*7 (N.D. Ind. Nov. 26, 2013) (dismissing the ADA claim in favor of the
Rehabilitation Act claim avoids the need to review a potential sovereign immunity defense to the
ADA).

To succeed on a Rehabilitation Act claim against IDOC, which receives federal funding,
a plaintiff must establish that "(1) he is a qualified person (2) with a disability and (3) the
Department of Corrections denied him access to a program or activity because of his disability.
Plaintiff  does not dispute that he is receiving some mental health treatment and is being
provided  psychotropic medications.  As a result, he does not allege being denied access to a
program or activity but, rather, that what is being offered is insufficient. "Claims based on
negligence in providing services, particularly medical services, rather than discrimination do not
fall within the scope of the Rehabilitation Act."  *Wagoner*, 2013 WL 11842011, at \*8. *See*
*William v. Baker*, No. 14-3051, 2014 WL 1379572, at \*2 (C.D. Ill. Apr. 8, 2014) (dismissing
ADA and Rehabilitation Act claims at merit review); *Taylor v. Illinois Dep't of Corr.*, No. 14-

122, 2014 WL 793113, at *3 (S.D. Ill. Feb. 26, 2014) ("[m]ore to the point, Plaintiff does not even remotely suggest that he was denied medical attention *because* of an actual or perceived disability.") (Emphasis in original).

Plaintiff also names Wexford in his ADA and Rehabilitation Act claims. It is clear that a private corporation such as Wexford is not a public entity so as to come under the ADA. "A private contractor does not become a 'public entity' under Title II [of the ADA] merely b[y] contracting with a governmental entity to provide governmental services." *Cox v. Jackson*, 579 F. Supp. 2d 831, 852-53 (E.D. Mich. 2008) (dismissing ADA claim against contracted medical care provider*). See also, Hogle*, 2017 WL 4125258, at *6 (dismissing ADA claim against Wexford finding that a private entity does not become an 'instrumentality of the State' merely by contracting with a public entity for the provision of some service.")

Wexford, as a private corporation, may have liability under the Rehabilitation Act if it receives federal funding. The Court previously noted, however, that the alleged failure to provide medical services does not amount to discrimination under the Rehabilitation Act. *William*, 2014 WL 1379572, at *2 ("[t]he Rehabilitation Act was not intended to require prison officials to provide medical treatment to prisoners with serious medical needs.")

The Court DISMISSES the ADA claim and Rehabilitation Act claims against Defendants Baldwin, Navarro, Hinton, Horn, Thomas, Marano, McCormick Molmero, Benner, Haage, Renzi, Melvin, Kennedy, Ruskin, Nelson, Moss, John and Jane Does and Wexford, with prejudice, for failure to state a claim.

In Count II, Plaintiff reasserts his Rehabilitation Act claim, as well as claims of deliberate indifference and violations of due process. Plaintiff names Defendants Baldwin, Navarro, Hinton, Horn, Wexford, Thomas, Marano, Renzi Melvin, Kennedy and Ruskin, without alleging

any specific actions by these Defendants. Plaintiff asserts, generally, that Defendants are deliberately indifferent for failing to train staff, and failing to recognize and respond to the dangers posed by long-term segregation. The Rehabilitation Act claim asserted here is dismissed for the reasons previously noted. While Plaintiff mentions a due process claim, he does not cite any specific instance where he was denied due process and pleads nothing in support of this claim. The due process claim is DISMISSED as well.

The Court finds, additionally, that the deliberate indifference claim cannot proceed as Plaintiff has failed to plead any specific act or omission by any named Defendant. *White v. Illinois Dept. of Corr.*, No. 11-543, 2012 WL 2375483, at \*5 (S.D. Ill. June 22, 2012) ("[t]hus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.") Plaintiff will be given an opportunity, however, to replead the deliberate indifference claim.

In Count III, Plaintiff alleges inhumane conditions of confinement, naming Defendants Baldwin, Hinton and Wexford. Plaintiff requests various forms of injunctive relief, including a transfer to Stateville, though this is not a mental health facility. Plaintiff, however, is a class member in *Rasho v. Walker*, No. 07-1298 (C.D. Ill. Nov. 7, 2007), currently being litigated in this district. *Rasho*, is brought on behalf of all SMI inmates in IDOC, and seeks a variety of injunctive relief including preventing SMI inmates' long-term placement in segregation. As Plaintiff is a *Rasho* class member, these redundant claims will not be considered here. *See Jackson v. Wexford Health Sources*, No. 15-920, 2015 WL 6663954, at \*5 (S.D. Ill. Nov. 2,

2015) (determining issue of injunctive relief in that case could overlap or render moot Plaintiff's prospective relief as a *Rasho* class member).

Plaintiff also makes a claim for money damages, asserting that he has been exposed to atypical conditions of confinement in the segregation unit. He makes general claims that there is excessive noise in segregation and, when on suicide watch, he has been forced to sleep without a bed. He also claims that he has received death threats and been verbally abused, without providing any detail or identifying those who threatened or abused him. Rather than plead the particulars of these instances, Plaintiff refers the Court to the numerous exhibits he has filed with his complaint. It is not the Court's responsibility to review Plaintiff's exhibits to identify his claims, and it will not do so here.

Plaintiff repleads his ADA and Rehabilitation Act claims in Count III, claiming that Defendants Hinton and Baldwin have discriminated by refusing to release him from long-term segregation. These claims have previously been dismissed and are not further considered.

While Plaintiff implicates Wexford in the conditions of confinement claim, he does not allege that he was injured due to an unconstitutional Wexford policy. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), Wexford may be liable for a constitutional injury only if the injury is caused by its policy or practice. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) As Plaintiff makes no such allegations, Wexford is DISMISSED.

Plaintiff also asserts generalized claims on behalf of other inmates. He claims that Pontiac has the highest number of inmate-on-inmate, inmate-on-officer, and officer-on-inmate

assaults. He claims that SMI inmates are provided unclean cells rife with human waste. He claims to have witnessed officers using excessive force and sexually assaulting SMI inmates. There is no detail given to support these claims and they represent an impermissible misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." Furthermore, while Plaintiff as a *pro se* party may bring his own claim, he may not bring a claim on behalf of others. *See* 28 U.S.C. §1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(per curiam) (while Plaintiff may represent himself, as a non-lawyer he may not represent anyone other than himself). These claims are DISMISSED.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint to replead the deliberate indifference and inhumane conditions of confinement claims. Plaintiff is to identify the pleading as a Second Amended Complaint and must allege all of his claims against all Defendants without reference to a prior filing. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. The ADA and Rehabilitation Act claims are DISMISSED, with prejudice. Defendants Baldwin, Navarro, Hinton, Horn, Thomas, Marano, McCormick, Molmero, Benner, Haage, Renzi, Melvin, Kennedy, Ruskin, Nelson, Moss, John and Jane Does and Wexford are DISMISSED. The Clerk is to correct the caption  to identify Defendant "Sheila Molmero" as "Sheila Molinero".

2.      Plaintiff's motion to dismiss Defendants Roberta Fews and Wendy Blank [ECF 29] is GRANTED. Defendants Fews and Blank are DISMISSED.

3.      Plaintiff's motions for status [31], [32], [33] and [35] are rendered MOOT.

4.      Plaintiff files a motion [34], alleging that a group of inmates was subjected to excessive force at Pontiac on May 27, 2018. Plaintiff requests an order that the video footage be preserved. This claim is not related to the allegations of the complaint in this case, however, and appears to be asserted on behalf of other inmates. [34] is DENIED.


  7/10/2018                                         s/Michael M. Mihm
ENTERED                                          MICHAEL M. MIHM
                                           UNITED STATES DISTRICT JUDGE